UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

KATHRYN R. ESQUIBEL,

    <u>Debtor</u>.                                                          Case No. 7-17-10498 JA

David Kelly and John Sexton v. Martin Lopez III, PC (Claims objection)

## MARTIN LOPEZ III, P.C.'S MOTION IN LIMINE

*COMES NOW* the Claimant Martin Lopez III, P.C., by and through its undersigned counsel of record, and for its Motion in Limine, *STATES*:

1.      Martin Lopez III, PC (hereinafter "Claimant") previously represented the Debtor in her divorce proceeding.  It filed a claim in the bankruptcy proceeding for fees incurred defending an appeal filed by the Debtor in the New Mexico Court of Appeals, which the Court of Appeals determined was frivolous, and specifically awarded Claimant its costs and fees on appeal.

2.      John Sexton and David Kelly have objected to the Lopez claim.  Docket Nos. 30, 33.

3.      The parties have exchanged witness and exhibit lists, and have exchanged exhibits.

4.      Judging from the content of the Kelly witness and exhibit lists, Mr. Kelly plans to attempt to re-litigate the divorce lawsuit and the Court of Appeals case.

5.      The decisions of the State District Court and the New Mexico Court of Appeals are final, unappealable, fully informed, fully briefed, fully litigated, and may not be challenged in this proceeding.

6.      As this Court has stated: "The purpose of a claims objection proceeding is to determine the amount of the allowed claim, if any.  A claims objection proceeding does not afford

the party objecting to a claim the right to assert a claim for 'equitable relief' against the claimant."

Docket No. 94, p. 1, last full paragraph, continuing to the top of p. 2; internal citations omitted.

       7.      On information and belief Mr. Kelly hopes to drag out the claims objection hearing with irrelevancies to the point where the Court will lack the trial time to rule on the Trustee's fraudulent conveyance adversary proceeding, which is the means by which the Trustee hopes to acquire sufficient assets to pay creditors in the case.

       8.      Claimant would be prejudiced by such an expanded trial presentation by having to incur excessive attorney fees, and would be forced to bring his entire divorce and appeal file to the trial in case rebuttal exhibits become necessary based on such an expanded presentation by Mr. Kelly.

       9.      The claims objection will be tried March 27, 2019 at 9:00 am MST in the Gila Courtroom.  Docket No. 102.

      **WHEREFORE**, Martin Lopez III, P.C.  prays the Court to limit the presentation of witnesses and exhibits at trial to the issue of the amount of its duly filed Proof of Claim, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted:

 Filed electronically   2/28/19
Michael K. Daniels
Counsel for Claimant
PO Box 1640
Albuquerque, NM   87103
(505) 246-9385; 246-9104 fax

I hereby certify I sent a true and correct copy of the foregoing to the following parties on February 28, 2019, either through regular mail as noted below, or through the Court's electronic noticing system, depending upon the CM/ECF subscription status of the party in question.

<table>
<tr><td>John Sexton<br>3502 33rd Cir.<br>Rio Rancho, NM   87124</td><td>David Kelly<br>PO Box 414<br>Santa Rosa, NM   88435</td></tr>
<tr><td>Yvette J. Gonzales, Trustee<br>PO Box 1037<br>Placitas, NM   87043-1037</td><td>Edward A. Mazel<br>1122 Central Ave. SW #1<br>Albuquerque, NM   87102</td></tr>
</table>

 Filed electronically  2/28/19 
Michael K. Daniels