United States Bankruptcy Court
District of New Mexico

In re:
Kathryn Ramona Esquibel
    Debtor

Case No. 17-10498-j
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 1084-1        User: agrilley        Page 1 of 1        Date Rcvd: Mar 21, 2019
                    Form ID: pdfor1       Total Noticed: 6

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 23, 2019.
```
db              +Kathryn Ramona Esquibel,    260 South 6th Street,    Santa Rosa, NM 88435-2604
                +David Alton Kelly,    252 S. 6th Street,    P.O. Box 414,    Santa Rosa, NM 88435-0414
                +John Sexton,    3502 33rd Circle,    Rio Rancho, NM 87124-1931
                 Michael K Daniels,    Attorney for Martin Lopez, III, PC,    PO Box 1640,
                  Albuquerque, NM 87103-1640
intp            +Sexton John,    3502 33rd Circle,    Rio Rancho, NM 87124-1931
                +Wesley O Pool,    Attorney for the Debtor,    201 Innsdale Terrace,    Clovis, NM 88101-3061
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                  TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 23, 2019                               Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 21, 2019 at the address(es) listed below:
```
              Benjamin A. Jacobs    on behalf of Trustee Yvette J. Gonzales bjacobs@askewmazelfirm.com,
               askewmazellawfirm@gmail.com;edmazel@askewmazelfirm.com;ericanunez@askewmazelfirm.com;maryvallejos
               @askewmazelfirm.com;askewmazeladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com
              Daniel Andrew White    on behalf of Trustee Yvette J. Gonzales dwhite@askewmazelfirm.com,
               askewmazellawfirm@gmail.com;ericanunez@askewmazelfirm.com;maryvallejos@askewmazelfirm.com;askewma
               zeladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com
              David Alton Kelly    alton@kgeenergy.com
              Edward Alexander Mazel    on behalf of Trustee Yvette J. Gonzales edmazel@askewmazelfirm.com,
               dwhite@askewmazelfirm.com;ericanunez@askewmazelfirm.com;maryvallejos@askewmazelfirm.com;askewmaze
               ladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com
              Edward Alexander Mazel    on behalf of Plaintiff    Yvette J. Gonzales edmazel@askewmazelfirm.com,
               dwhite@askewmazelfirm.com;ericanunez@askewmazelfirm.com;maryvallejos@askewmazelfirm.com;askewmaze
               ladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com
              Jacqueline Ortiz    on behalf of Plaintiff    Yvette J. Gonzales jortiz@askewmazelfirm.com,
               maryvallejos@askewmazelfirm.com;ericanunez@askewmazelfirm.com;askewmazeladmin@ecf.courtdrive.com;
               jarratt@askewmazelfirm.com
              James A Askew    on behalf of Trustee Yvette J. Gonzales jaskew@askewmazelfirm.com,
               ericanunez@askewmazelfirm.com;maryvallejos@askewmazelfirm.com;agarcia@askewmazelfirm.com;askewmaz
               eladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com
              Leonard K Martinez-Metzgar    on behalf of Plaintiff    United States Trustee
               leonard.martinez-metzgar@usdoj.gov
              Michael K Daniels    on behalf of Plaintiff Martin  Lopez mike@mdanielslaw.com,
               rebeccanm@gmail.com;steinhardt23@gmail.com
              Michael K Daniels    on behalf of Creditor    Estate of Nancy Richards mike@mdanielslaw.com,
               rebeccanm@gmail.com;steinhardt23@gmail.com
              Michael K Daniels    on behalf of Creditor    Merrie Chappell Law, PC mike@mdanielslaw.com,
               rebeccanm@gmail.com;steinhardt23@gmail.com
              Michael K Daniels    on behalf of Creditor    Martin Lopez, III, PC mike@mdanielslaw.com,
               rebeccanm@gmail.com;steinhardt23@gmail.com
              United States Trustee    ustpregion20.aq.ecf@usdoj.gov
              Wesley O Pool    on behalf of Defendant Kathryn Ramona Esquibel wesley@poollawfirm.com,
               mike@poollawfirm.com
              Wesley O Pool    on behalf of Debtor Kathryn Ramona Esquibel wesley@poollawfirm.com,
               mike@poollawfirm.com
              Yvette J. Gonzales    yjgllc@yahoo.com, yg@trustesolutions.net
                                                                            TOTAL: 16
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW MEXICO**

In re:   Katheryn Ramona Esquibel,                                    Case No. 17-10498-j7

Debtor.

<u>MEMORANDUM OPINION AND ORDER GRANTING</u>
<u>MOTION IN LIMINE</u>

THIS MATTER is before the Court on a Motion in Limine filed by the Law Firm of

Martin Lopez III, P.C. (the "Lopez Firm") (Docket No. 103) to limit the issues during the final

hearing on the objection to the Lopez Firm's claim (the "Lopez Claim") filed by creditors, David

Alton Kelly ("Mr. Kelly") and John Sexton ("Mr. Sexton"). *See* Docket Nos. 30, and 33. Mr.

Kelly filed an Opposition to the Motion in Limine (the "Response to Motion in Limine"). *See*

Docket No. 105. For the reasons set forth below, the Court excludes from evidence at the final

hearing on the objection to the Lopez Claim whether the Lopez Firm engaged in tortious

conduct, acted unethically, or committed other wrongdoing in its representation of Katheryn

Esquibel ("Ms. Esquibel" or "Debtor") and whether the New Mexico District Court or the Court

of Appeals for the State of New Mexico engaged in judicial misconduct or made a mistake of

law.

<u>FACTS AND PROCEDURAL HISTORY</u>[1]

Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on March 3,

2017. *See* Docket No. 1. On July 10, 2017, the Lopez Firm filed the Lopez Claim. *See* Claims

---

[1] These findings of fact are derived from findings of fact set forth in this Court's Memorandum Opinion and Order
Ruling on Motion for Reconsideration entered in Adversary Proceeding. No. 17-1042, to which Mr. Kelly and Mr.
Sexton are parties, *see* Adversary Proceeding No. 17-1042 - Docket Nos. 58 and 83, and a Memorandum Opinion
filed August 29, 2016 issued by the New Mexico Court of Appeals in the Debtor's appeal of the decision of the
State District Court referenced below. *See Esquibel v. Esquibel*, No. 33,839, 2016 WL 4939391 (N.M. Ct. App.
Aug. 29, 2016). A copy of the Memorandum Opinion issued by the New Mexico Court of Appeals can also be
found at Docket No. 19-13, Adversary Proceeding. No. 17-1042.

Register, Claim No. 8. On April 16, 2018, Mr. Sexton filed an objection to the Lopez Claim.[2] *See*

Docket No. 30. Subsequently on April 23, 2018, Mr. Kelly filed an objection to the Lopez Claim

that is nearly identical to Mr. Sexton's objection to the Lopez Claim.[3] *See* Docket No. 33. The

Court will collectively refer to the objections to the Lopez Claim as the "Claim Objections." In

the Claim Objections, Mr. Kelly and Mr. Sexton assert that the Lopez Claim should be

disallowed because it is unenforceable against the Debtor under 11 U.S.C. § 502(b)(1).[4] *See*

Docket Nos. 30 and 33. Mr. Kelly alleges the Lopez Claim is unenforceable because

> (1) the award of fees is expressly made contingent on the trial court determining
> the amount of fees that are reasonable; (2) Martin Lopez previously brought a
> motion in the district court outlining his creditor claim, which included among other
> problems, inconsistent numbers, offered no proof that the attorney's fees claimed
> were reasonable and failed to prove claimant actually paid the sums claimed; and
> (3) under principles of equity, [Martin Lopez's] claim is wholly unenforceable
> against the Debtor or any property of the Debtor.

Docket No. 33.[5] Mr. Sexton's objection to the Lopez Claim is the substantially the same. *See*

Docket No. 30

The Lopez Claim arose in connection with the Lopez Firm's representation of the Debtor

in the Fourth Judicial District Court of New Mexico (the "State District Court") during her

divorce proceeding. The Lopez Firm represented the Debtor in her effort to set aside a marital

settlement agreement negotiated and signed when the Debtor was represented by prior counsel,

and in the negotiation of a new marital settlement agreement ("New MSA"), which the State

---

[2] In the Response to the Motion in Limine, Mr. Kelly represents to the Court that Mr. Sexton has abandoned his objection to the Lopez Claim. However, Mr. Sexton has not filed a notice of withdrawal of his objection.
[3] To obtain standing to object to the Lopez Claim, Mr. Kelly purchased the claim of another creditor in the bankruptcy case, the Border Law Firm. *See* Transfer of Claim Other Than for Security filed May 24, 2018 (Docket No. 45) and Order Regarding Standing of David Alton Kelly, filed July 3, 2018 (Docket No. 48).
[4] Any reference to "the Code," "the Bankruptcy Code," "Section," or "§" refers to Title 11 of the United States Code and the sections therein. Any reference to "the Bankruptcy Rules" or "the Rules" refers to the Federal Rules of Bankruptcy Procedure.
[5] Docket No. 30 lists the same reasons except it states, "(2) Martin Lopez brought a motion in the district court outlining his claim, which has problems, including inconsistent numbers and proof that the attorney's fees claimed were reasonable, actually incurred on appeal, and were paid by the claimant." The differences seem to be an error by the typist.

District Court approved. Subsequently, the Lopez Firm withdrew from representing the Debtor due to her nonpayment of its legal fees, filed a Notice of Attorney's Charging Lien (the "Lopez Lien"), and filed a motion to enforce the Lopez Lien. In proceedings on the enforceability of the New MSA and the Lopez Lien, the Debtor sought to set aside the New MSA and contested the Lopez Lien. The Debtor asserted that she signed the New MSA because the Lopez Firm pressured her to sign and that she did not fully understand its ramifications. After conducting a hearing at which both the Debtor and the Lopez Firm appeared and participated, the State District Court determined that the Debtor entered into the New MSA knowingly, voluntarily, and intelligently, and that the New MSA would be enforced. The State District Court also determined that the Lopez Lien was valid and enforceable, considered the Lopez Firm's detailed billing statements, and made findings that the fees and costs the Lopez Firm charged the Debtor, secured by the Lopez Lien, were reasonable given the complexities and unique circumstances of the case.

The State District Court entered a Judgment & Order Granting Law Firm of Martin Lopez III, P.C.'s Expedited Motion to Foreclose Claim of Lien (the "Lopez Lien Order"). By the Lopez Lien Order, the State District Court awarded the Lopez Firm the fees and costs it had charged the Debtor, all of which remained unpaid, in the amount of $60,082.7 plus a late fee on the unpaid principal amount at a rate of 18% per annum. Subsequently, the Lopez Firm was paid in full for the fees and costs awarded by the State District Court secured by the Lopez Lien.

On June 19, 2014, the Debtor appealed rulings from the State District Court, including the enforceability of the New MSA and the validity of the Lopez Lien and the reasonableness of the legal fees and costs the Lopez Firm charged the Debtor to the Court of Appeals of the State of New Mexico (the "New Mexico Court of Appeals" or "Court of Appeals"). On August 29,

-3-

2016, the Court of Appeals entered a memorandum opinion in the appeal (the "Memorandum Opinion"). *See Esquibel v. Esquibel,* No. 33,839, 2016 WL 4939391 (N.M. Ct. App. Aug. 29, 2016).

The Court of Appeals affirmed on all issues, including the enforceability of the New MSA and the validity and enforceability of the Lopez Lien. The Court of Appeals rejected the Debtor's argument that the Lopez Firm's legal services that resulted in the New MSA created a negative economic benefit to the Debtor. The Court of Appeals summarized the evidence as showing that the prolonged litigation between the Debtor and her husband had been costly to both spouses and depleted the assets of the marital estate. It was Mr. Lopez's opinion that if the husband filed bankruptcy a majority of the marital assets would have been sold to pay debts. Against this backdrop, the Lopez Firm and the husband's counsel worked together in negotiating the New MSA, under which the Debtor was to receive a $100,000 equalization payment from the husband, to prevent a bankruptcy filing that would result in the sale of the marital assets to pay debts. The funds the Debtor received under the New MSA resulted from the Lopez Firm's advocacy on the Debtor's behalf.

The Court of Appeals also ruled against the Debtor with respect to her argument on appeal that the Lopez Firm was not entitled to the legal fees awarded it by the State District Court because Martin Lopez committed ethical violations. The Court of Appeals ruled against the Debtor regarding her argument that the State District Court committed error by conducting the charging lien hearing ex parte with only the Debtor and her former attorneys present. The Court of Appeals declined to address the Debtor's due process challenge made on the grounds that the district judge was biased and the trial proceedings were unfair because the Debtor did not

-4-

preserve the issue for appeal and because the Debtor provided no citations to the record or to legal authority in support of her argument.

In addition, the Court of Appeals found that the Debtor's claims against the Lopez Firm on appeal were frivolous, lacked any basis in law or fact, and were made in bad faith. Consequently, the Court of Appeals awarded the Lopez Firm reasonable attorneys' fees and costs incurred in defending the appeal, to be paid by the Debtor. *Esquibel,* 2016 WL 4939391 at *10. The Court of Appeals remanded the matter to the State District Court "to determine reasonable attorney fees and costs [the Lopez Firm incurred] on appeal." *Id.* Before the State District Court determined the reasonableness of the attorney fees and costs, the Debtor commenced her Chapter 7 bankruptcy case. The Lopez Claim, to which Mr. Kelly and Mr. Sexton objected, is a claim for the Lopez Firm's attorneys' fees and costs awarded by the Court of Appeals.

DISCUSSION

In the Motion in Limine, the Lopez Firm asserts that the rulings of the State District Court and the Court of Appeals are final orders that cannot be challenged as part of the claims objection process before this Court. Mr. Kelly counters in his Response to the Motion in Limine that claim preclusion and issue preclusion do not apply because he was not a party to the prior lawsuit. In addition, Mr. Kelly argues under the principles of equity that the award of attorneys' fees and costs by the New Mexico Court of Appeals is unenforceable against the Debtor because it was "(1) legally untenable (e.g. the COA decision failed to follow the law) or (2) the product of an unfair, biased or corrupt process or (3) the result of unethical or tortious conduct by Lopez." *See* Docket No. 105.

-5-

A. For purposes of applying claim preclusion and the *Rooker-Feldman* doctrine to claims objections governed by 11 U.S.C. § 502(b)(1), an objecting creditor cannot assert a defense to a claim that the debtor would have been precluded from asserting had the debtor objected to the claim.

Allowance of claims is governed by § 502. The Claim Objections are governed by §

502(b)(1), which states that if an objection to a claim is made:

> the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that − (1) *such claim is unenforceable against the debtor and property of the debtor*, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . .

11 U.S.C. § 502(b)(1) (emphasis added). A proof of claim asserts a claim against the bankruptcy

estate.

In addition, Section 558 provides:

> The estate shall have the benefit of any defense available to the debtor as against any entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

11 U.S.C. § 558. Section 558 allows a party objecting to a proof of claim to assert, as a defense

to the claim, any defense available to the debtor.

As the Supreme Court has explained, § 502(b)(1) "is most naturally understood to

provide that, with limited exceptions, any defense to a claim that is available outside of the

bankruptcy context is also available in bankruptcy." *Travelers Cas. & Sur. Co. of Am. v. Pac.*

*Gas & Elec. Co.*, 549 U.S. 443, 450 (2007) (citing 4 *Collier on Bankruptcy* ¶ 502.03[2] [b], at

502–22, for the proposition "that § 502(b)(1) is generally understood to 'make available to the

trustee any defense' available to the debtor 'under applicable nonbankruptcy law'—i.e., any

defense that the debtor could have interposed, absent bankruptcy, in a suit on the [same

-6-

substantive] claim by the creditor."). This proposition applies equally regardless of whether a

bankruptcy trustee, a debtor, or a creditor objects to a claim under § 502(b)(1).

Conversely, any defense to a claim unavailable to the debtor outside of bankruptcy is not

available to a creditor objecting to a claim. Therefore, a creditor that objects to a claim against

the estate pursuant to § 502(b)(1) cannot assert a defense to the claim that the debtor would have

been precluded from asserting had the debtor objected to the claim. Whether a claim against the

estate is allowed does not depend on whether the debtor or a creditor objected to the claim.

B.   Grounds for the objections to the Lopez Claim.

In his objection to the Lopez Claim, Mr. Kelly objects to the claim on three grounds:

(1)      [T]he award of fees is contingent on determining the amount of fees that are
reasonable;
(2)      Martin Lopez previously brought a motion in the district court outlining his
creditor claim, which included, among other problems, inconsistent numbers,
offered no proof that the attorney's fees claimed were reasonable and failed to prove
claimant actually paid the sums claimed; and
(3)      Under principles of equity, MLIII's claim is wholly unenforceable against
Debtor or any property of Debtor.

Docket No. 33.

In his Response to Motion in Limine, Mr. Kelly asserts that he objects to the Lopez claim

not only as to the reasonableness of the amount of legal fees Mr. Lopez incurred defending the

appeal but also on the grounds that:

(1)      Debtor did not receive a full and fair hearing before the State District Court
or Court of Appeals; or
(2)      The Lopez claim "is part of a fraudulent scheme to create so much bogus
debt as to force the Debtor into bankruptcy where, by inflating their claims the
conspirators sought to take Debtor's home as her last substantial marital asset, and
that the COA was a late joining but knowing participant in the scheme."

Response to Motion in Limine, at 3.[6]

---

[6] Mr. Kelly states that his "trial brief" makes clear the issues to be decided on his objection to the Lopez claim.
However, the record reflects that Mr. Kelly did not file a trial brief, and in any event a trial brief is not a substitute

C. Mr. Kelly and Mr. Sexton are barred from asserting claims against the Lopez Firm as defenses to the Lopez Claim that were raised or that could have been raised before the State District Court or Court of Appeals in connection with the State District Court's award of attorneys' fees to the Lopez Firm

Mr. Kelly argues that the decisions of the State District Court and New Mexico Court of Appeals have no preclusive effect on the defenses to the Lopez Claim summarized in his Response to the Motion in Limine. This Court disagrees.

As discussed above in Section A, in objecting to the Lopez Claim, Mr. Kelly may only assert defenses to the claim that the Debtor could have asserted outside of bankruptcy. Mr. Kelly stands in a no better position in objecting to the Lopez Claim than if the Debtor had objected to the claim. Therefore, if the Debtor's assertion of a defense to the Lopez Claim would have been barred by claim or issue preclusion outside of bankruptcy, Mr. Kelly's assertion of the defense likewise is barred.

The Full Faith and Credit Statute, 28 U.S.C. § 1738, consistent with § 502 of the Bankruptcy Code, requires the Court to apply the principles of preclusion to the Claim Objections. Under the Full Faith and Credit Statute, "a court with adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land. For claim and issue preclusion (res judicata) purposes, . . . the judgment of the rendering State gains nationwide force." *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 233 (1998). The Full Faith and Credit Statute thus requires the Court to apply preclusion principles to subsequent attempts to revisit a state court judgment.

"Federal law and New Mexico law are consistent on the general standards governing claim preclusion." *Potter v. Pierce*, 2015-NMSC-002, ¶ 10, 342 P.3d 54, 57. Under New Mexico

---

for an objection to a proof of claim. Nevertheless, because the Lopez Firm has not argued that Mr. Kelly or Mr. Sexton waived objections not asserted in their objections to the Lopez Claim (Docket Nos. 30 and 33), the Court will address whether the issues may be raised as a defense to the Lopez Claim.

law, claim preclusion bars relitigation of a claim if the following four elements are met: "(1) there was a final judgment in an earlier action, (2) the earlier judgment was on the merits, (3) the parties in the two suits are the same, and (4) the cause of action is the same in both suits." *Id.* In addition "[i]f a lawsuit involves the same transaction as a prior claim, and the other claim preclusion elements are met, a plaintiff is barred from raising those legal theories that he actually raised in the prior action as well as any theories that he could have raised." *Moffat v. Branch*, 2005-NMCA-103, ¶ 18, 138 N.M. 224, 230, 118 P.3d 732, 738. Further, the precluded party must have had a full and fair opportunity to litigate the claim in the earlier proceeding, which means that the claim reasonably could and should have been brought during the earlier proceeding. *State ex rel. Children, Youth & Families Dep't v. Scott C.*, 2016-NMCA-012, ¶ 13, 365 P.3d 27, 31.

All elements of claim preclusion are present with respect to the enforceability of the Lopez Claim against the Debtor. Mr. Kelly's objections to the Lopez Claim question the propriety of the of the State District Court decision in an effort to contest the enforceability of the attorneys' fees awarded by the Court of Appeals. As applied to the decisions of the State District Court and the Court of Appeals, claim preclusion bars all claims against the Lopez Firm asserted as defenses to the Lopez Claim that were raised or that could have been raised before the State District Court and the Court of Appeals in connection with the award of attorneys' fees to the Lopez Firm by either court.

First, the State District Court's decision was a final order that was appealed to the Court of Appeals. The Court of Appeals decision affirming the judgment of the State District Court and awarding the Lopez Firm reasonable fees and costs incurred in the appeal is also a final order. *See Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 19, 113 N.M. 231, 237–38, 824

P.2d 1033, 1039–40 ("a judgment that is treated as final even though further proceedings are

necessary to implement it is a case in which costs remain to be assessed in favor of the prevailing

party. The pendency of proceedings to fix the amount of costs does not render the judgment

nonfinal."); *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 200, 108 S. Ct. 1717, 1721, 100

L. Ed. 2d 178 (1988) ("As a general matter, at least, we think it indisputable that a claim for

attorney's fees is not part of the merits of the action to which the fees pertain. Such an award

does not remedy the injury giving rise to the action, and indeed is often available to the party

defending against the action.").

Second, the State District Court and the Court of Appeals decided the issues on the

merits. The State District Court ruled on the reasonableness of the Lopez Firm's legal fees,

which entailed an examination of the quality of legal services provided by the Lopez Firm to the

Debtor, after holding a hearing in which the Debtor participated. Hearing the Debtor's appeal of

the decisions by the State District Court, the Court of Appeals affirmed.[7] In addition, the Court

of Appeals agreed with the Lopez Firm that the Debtor's claims against the Lopez Firm in the

appeal were "frivolous; lacking any basis in law or fact; and [were] put forth in bad faith,"

*Esquibel,* 2016 WL 4939391 at *10. The Court of Appeals imposed an award of reasonable

attorneys' fees and costs using its "inherent power to impose a variety of sanctions on both

litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter

---

[7] The New Mexico Court of Appeals affirmed the State District Court on all grounds. Its decision included rulings
on these issues raised by the Debtor: (a) rejected Debtor's arguments relating to whether the Lopez Firm was
properly granted a charging lien during the divorce proceeding; (b) declined to address whether Mr. Lopez
committed ethical violations because the Debtor cited nothing in the record and no authority as a basis for her claim;
and (c) declined to address the whether the State Court Judge committed judicial misconduct because the Debtor did
not preserve the issue for appeal and did not provide citations to the record or to any authority. *Esquibel,* 2016 WL
4939391.

-10-

frivolous filings."[8] *State ex rel. New Mexico State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 11, 120 N.M. 1, 4, 896 P.2d 1148, 1151.

Third, the Debtor was a party in the prior suit at the State District Court and the appellant before the Court of Appeals. For the purpose of the claims objection process, it does not matter that Mr. Kelly was not a party to the prior litigation. As discussed in Section A above, a creditor that objects to a claim against the estate under § 502(b)(1) cannot assert a defense to the claim that the debtor would have been precluded from asserting had the debtor objected to the claim. If the Debtor's assertion of a defense to the Lopez Claim would have been barred by claim preclusion outside of bankruptcy, Mr. Kelly's assertion of the defense to the enforceability of the claim likewise is barred.

Fourth, the "equitable grounds" presented in the objection to the Lopez Claim and enumerated in the Response to the Motion in Limine are part of the same cause of action adjudicated by the State District Court and the Court of Appeals. Under New Mexico law a single cause of action for claim preclusion purposes encompasses all issues that arise "out of a common nucleus of operative facts." *Potter*, 2015-NMSC-002, ¶ 11. The Court pragmatically considers whether the facts hold a common nucleus by examining, "(1) how they are related in time, space, or origin, (2) whether, taken together, they form a convenient trial unit, and (3) whether their treatment as a single unit conforms to the parties' expectations or business understanding or usage." *Id.*

---

[8] The Response to the Motion to Limine argues that the New Mexico Court of Appeals "deemed the Debtor's appeal to be 'frivolous' but did not 'determine' it to be frivolous as it was not frivolous as a matter of law and of common sense." The Court disagrees. The New Mexico Court of Appeals stated that it agreed with the Lopez Firm's argument that the claims against the Lopez Firm were frivolous; the language used to make that determination does not change the result.

In *Potter v. Pierce*, the New Mexico Supreme Court ruled that a final fee award that determined the reasonableness of an attorney's fees in bankruptcy court satisfied the same cause of action requirement to apply claim preclusion to a legal malpractice claim involving the same legal services because the reasonableness of the attorney's fees and the malpractice claim were rooted in a common nucleus of operative facts. 2015-NMSC-002, ¶ 14. The court reasoned that the claims were rooted in a common nucleus of operative facts because: (1) the malpractice claim resulted from the same the legal services and alleged deficiencies in those legal services that were the subject of the bankruptcy fee award proceeding; (2) adjudication of the reasonableness of the fees and a legal malpractice claim would have formed a convenient trial unit "because the bankruptcy court is already required to consider the quality of [the legal] services in determining the appropriate fees and has procedures available to hear objections;" and (3) "[t]reatment as a single unit would also conform to the parties' expectations because objections to services rendered must be raised in response to fee applications . . . and because Petitioner did raise malpractice allegations in his objections to Respondents' fees." *Id.* (internal citations omitted).

In this case, the State District Court entered an order determining that the Lopez Firm's fees and costs charged in its representation of the Debtor in the divorce proceeding were reasonable. The finding that the fees and costs were reasonable, and the enforcement of the Lopez Firm's charging lien securing the fees and costs, was affirmed on appeal by the Court of Appeals. Any issues regarding whether the Lopez Firm engaged in tortious conduct, acted unethically or committed other wrongdoing in its representation of the Debtor are encompassed within the cause of action in which the State District Court issued a final fee award that determined the reasonableness of the attorney's fees, for several reasons.

-12-

First, any claims that the Lopez Firm engaged in tortious conduct, acted unethically or committed other wrongdoing in its representation of the Debtor before the State District Court, asserted as defenses to the Lopez Claim, are negated by the State District Court's finding that the Lopez Firm's attorney's fees were reasonable. A determination that the fees were reasonable included a review of alleged deficiencies in those legal services. Second, the Lopez Firm's fee claim and the Debtor's claims of attorney misconduct asserted before the State District Court form a convenient trial unit. Allowance of the Lopez Firm's fees in the State District Court included a review of any alleged deficiencies in the firm's representation, and the Court of Appeals reviewed and affirmed that decision. Third, treatment of the claims as a single unit conformed to the parties' expectations because the Debtor in her state court case raised the issues of: (a) whether the Lopez Firm was properly granted a charging lien during the divorce proceeding; (b) whether the fees the Lopez Firm charged the Debtor for representing her before the State District Court were reasonable; (c) whether the Lopez Firm's representation of the Debtor conferred a benefit on her; and (d) whether the Lopez Firm committed ethical violations in representing the Debtor. *See Esquibel,* 2016 WL 4939391. In addition, the parties expected the claims to be dealt with in the state court case because they were raised before the State District Court and/or the New Mexico Court of Appeals.

In addition, the Debtor in fact litigated before the New Mexico Court of Appeals the issue of whether the State District Court engaged in any judicial misconduct. The Court of Appeals ruled against the Debtor on the issue not only because the Debtor did not preserve the issue for appeal but also because the Debtor provided no citations to the record or to legal authority in support of her argument.

-13-

Finally, the record shows that the Debtor had a full and fair opportunity to litigate the issues relating to the reasonableness of the Lopez Firm's fees for representing her in the divorce proceedings and her judicial misconduct claim in the state court proceedings.

The Court concludes that claim preclusion bars the Debtor, and consequently, Mr. Sexton and Mr. Kelly, from attempting to relitigate the propriety of the decisions of the State District Court or the Court of Appeals through the claims objections process.

D. The Court does not sit as an appellate court to review and overturn the New Mexico Court of Appeals decision.

Mr. Kelly states in his Response to the Motion in Limine that whether the Debtor had a fair trial and a fair appeal is an issue that has not been litigated in any forum. This amounts to a collateral attack on the enforceability of the Court of Appeals Memorandum Opinion. As previously explained, in the claims objection process Mr. Kelly is limited to the defenses available to the Debtor under state law regarding the enforceability of the Lopez Claim.

The Debtor, and therefore also Mr. Kelly and Mr. Sexton, are barred by the *Rooker-Feldman*[9] doctrine from making a collateral attack in this Court against the enforceability of the Lopez Claim on the grounds that there was judicial misconduct by the New Mexico Court of Appeals. *See In re Patterson*, 2019 WL 995717, at *3 (Bankr. M.D. La. Feb. 12, 2019) ("an objection to a claim based on a state court judgment indeed can be a collateral attack on that judgment, and so barred by *Rooker-Feldman*."); *In re Al-Sedah*, 347 B.R. 901, 904 (Bankr. N.D. Ala. 2005) ("Application of the *Rooker–Feldman* doctrine is especially applicable in the claims

---

[9] The *Rooker-Feldman* doctrine is a narrow doctrine that applies only to the parties involved in the original state court action. *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1234–35 (10th Cir. 2006) ("This Court has repeatedly held that the *Rooker–Feldman* doctrine should not be applied against non-parties to the state-court judgment. *Rooker–Feldman*, after all, bars federal district courts from exercising appellate jurisdiction over state-court judgments, and a person would generally have no basis (or right) to appeal a judgment to which that person was not a party."). The Court in the claims objection process is limited by § 502(b)(1) to those defenses available to the Debtor regarding the enforceability of the Lopez Claim. In applying *Rooker-Feldman* the Court is only reaching the matter of whether the doctrine applies to the Debtor.

-14-

litigation process. Where a debtor objects to a claim that is based on a state court judgment, thereby attempting to collaterally attack the judgment in bankruptcy court, the *Rooker–Feldman* doctrine bars that attack.").

The *Rooker-Feldman* doctrine bars state court losers from "complaining of injuries caused by state-court judgments rendered before the [federal] court proceedings commenced and inviting [federal] court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Tenth Circuit has explained that

> The *Rooker–Feldman* doctrine prohibits a lower federal court [both] from considering claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment. A claim is inextricably intertwined if the state-court judgment *caused,* actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress.*

*Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006).

Mr. Kelly and Mr. Sexton object, in part, to the Lopez Claim on the ground that the decision of the New Mexico Court of Appeals did not afford the Debtor a full and fair opportunity to litigate her claims because of the Court of Appeals knowingly participated in a fraudulent scheme to inflate claims against the Debtor to force her into bankruptcy. That ground for the objection to the Lopez Claim is barred under the *Rooker-Feldman* doctrine. The Debtor and the Lopez Firm were parties before the Court of Appeals.[10] The injury complained of through the Claims Objection is that judicial misconduct by the Court of Appeals and its misapplication of the law caused the Debtor to suffer injury in the form of an award of attorneys' fees and costs to the Lopez Firm and by its affirmance of the State District Court. Such arguments invite this Court to sit as an appellate court to the New Mexico Court of Appeals to

---

[10] As discussed in Section A above, if an objection to a claim asserted by the Debtor pursuant to § 502(b)(1) would have been barred under the *Rooker-Feldman* doctrine, a creditor likewise is barred from asserting the objection.

-15-

review and reject the Lopez Claim as unenforceable against the Debtor. This is the archetypal

collateral attack that the *Rooker-Feldman* doctrine is meant to prevent.

The Court does not sit as an appellate court to overturn the decision made by the State

District Court or to overturn the Court of Appeals' affirmance of that decision.[11] Nor does this

Court sit as an appellate court to overturn the Court of Appeals' award of reasonable attorneys'

fees and costs in favor of the Lopez Firm. The *Rooker-Feldman* doctrine strips this Court of

jurisdiction to review and reject final decisions of the New Mexico courts ruling against a debtor

as a part of the claims objection process.[12]

WHEREFORE, IT IS ORDERED that the Motion is GRANTED as follows:

The Court excludes from evidence at the final hearing on the Claim Objections scheduled

for two days beginning on March 27, 2019 (a) whether the Lopez Firm engaged in tortious

conduct, acted unethically or committed other wrongdoing in its representation of the Debtor,

and (b) whether the New Mexico District Court or New Mexico Court of Appeals engaged in

judicial misconduct or made a mistake of law.

ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: March 21, 2019

COPY TO:

---

[11] For similar reasons, the *Rooker-Feldman* doctrine precludes this Court from ruling on whether the State District Court committed judicial misconduct. That is an issue dealt with by the New Mexico Court of Appeals in its Memorandum Decision.

[12] This Court's application of the *Rooker-Feldman* doctrine is not intended to suggest that there is any merit to Mr. Kelly's and Mr. Sexton's claims of judicial misconduct by the Court of Appeals. Other than their disagreement with the decision of the Court of Appeals and their conclusory allegations of a corrupt process, Mr. Kelly and Mr. Sexton have alleged no facts to support their claim of judicial misconduct. This Court has reviewed the decision of the Court of Appeals. It does not support the claim of judicial misconduct. The Court also notes that neither Mr. Kelly nor Mr. Sexton have filed a list of witnesses or list of exhibits for the hearing on their claim objections even though the deadline for them to file witness and exhibit lists was March 15, 2019.

-16-

Michael K Daniels
Attorney for Martin Lopez, III, PC
PO Box 1640
Albuquerque, NM 87103-1640

John Sexton
3502 33rd Circle
Rio Rancho, NM 87124

David Alton Kelly
252 S. 6th Street
P.O. Box 414
Santa Rosa, NM 88435

Wesley O Pool
Attorney for the Debtor
201 Innsdale Terrace
Clovis, NM 88101