United States Bankruptcy Court
District of New Mexico

In re:  
Kathryn Ramona Esquibel  
     Debtor

Case No. 17-10498-j  
Chapter 7

## CERTIFICATE OF NOTICE

| | | | |
|---|---|---|---|
| District/off: 1084-1 | User: cwilson | Page 1 of 1 | Date Rcvd: May 31, 2019 |
| | Form ID: pdfor1 | Total Noticed: 1 | |

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 02, 2019.
        +John Sexton,   3502 33rd Circle,   Rio Rancho, NM 87124-1931

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                            TOTAL: 0

      ***** BYPASSED RECIPIENTS *****  
NONE.                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 02, 2019                                        Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 31, 2019 at the address(es) listed below:

        Alice Nystel Page   on behalf of Plaintiff   United States Trustee Alice.N.Page@usdoj.gov  
        Benjamin A. Jacobs   on behalf of Trustee Yvette J. Gonzales bjacobs@askewmazelfirm.com,  
         askewmazellawfirm@gmail.com;edmazel@askewmazelfirm.com;ericanunez@askewmazelfirm.com;maryvallejos  
         @askewmazelfirm.com;askewmazeladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com  
        Daniel Andrew White   on behalf of Trustee Yvette J. Gonzales dwhite@askewmazelfirm.com,  
         askewmazellawfirm@gmail.com;ericanunez@askewmazelfirm.com;maryvallejos@askewmazelfirm.com;askewma  
         zeladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com  
        David Alton Kelly    alton@kgeenergy.com  
        Edward Alexander Mazel   on behalf of Trustee Yvette J. Gonzales edmazel@askewmazelfirm.com,  
         dwhite@askewmazelfirm.com;ericanunez@askewmazelfirm.com;maryvallejos@askewmazelfirm.com;askewmaze  
         ladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com  
        Edward Alexander Mazel   on behalf of Plaintiff   Yvette J. Gonzales edmazel@askewmazelfirm.com,  
         dwhite@askewmazelfirm.com;ericanunez@askewmazelfirm.com;maryvallejos@askewmazelfirm.com;askewmaze  
         ladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com  
        Jacqueline Ortiz   on behalf of Plaintiff   Yvette J. Gonzales jortiz@askewmazelfirm.com,  
         maryvallejos@askewmazelfirm.com;ericanunez@askewmazelfirm.com;askewmazeladmin@ecf.courtdrive.com;  
         jarratt@askewmazelfirm.com  
        Jacqueline Ortiz   on behalf of Trustee Yvette J. Gonzales jortiz@askewmazelfirm.com,  
         maryvallejos@askewmazelfirm.com;ericanunez@askewmazelfirm.com;askewmazeladmin@ecf.courtdrive.com;  
         jarratt@askewmazelfirm.com  
        James A Askew   on behalf of Trustee Yvette J. Gonzales jaskew@askewmazelfirm.com,  
         ericanunez@askewmazelfirm.com;maryvallejos@askewmazelfirm.com;agarcia@askewmazelfirm.com;askewmaz  
         eladmin@ecf.courtdrive.com;jarratt@askewmazelfirm.com  
        Michael K Daniels   on behalf of Plaintiff Martin  Lopez mike@mdanielslaw.com,  
         rebeccanm@gmail.com;steinhardt23@gmail.com  
        Michael K Daniels   on behalf of Creditor   Estate of Nancy Richards mike@mdanielslaw.com,  
         rebeccanm@gmail.com;steinhardt23@gmail.com  
        Michael K Daniels   on behalf of Creditor   Merrie Chappell Law, PC mike@mdanielslaw.com,  
         rebeccanm@gmail.com;steinhardt23@gmail.com  
        Michael K Daniels   on behalf of Creditor   Martin Lopez, III, PC mike@mdanielslaw.com,  
         rebeccanm@gmail.com;steinhardt23@gmail.com  
        Richard Wieland   on behalf of U.S. Trustee   United States Trustee richard.wieland@usdoj.gov  
        Richard Wieland   on behalf of Plaintiff   United States Trustee richard.wieland@usdoj.gov  
        United States Trustee   ustpregion20.aq.ecf@usdoj.gov  
        Wesley O Pool   on behalf of Defendant Kathryn Ramona Esquibel wesley@poollawfirm.com,  
         mike@poollawfirm.com  
        Wesley O Pool   on behalf of Debtor Kathryn Ramona Esquibel wesley@poollawfirm.com,  
         mike@poollawfirm.com  
        Yvette J. Gonzales   yjgllc@yahoo.com,  yg@trustesolutions.net  
                                                                       TOTAL: 19



IT IS ORDERED

Date Entered on Docket: May 31, 2019

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

KATHRYN RAMONA ESQUIBEL,            Case No. 17-10498-j7
                                                                           Chapter 7

        Debtor.

## ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE MOTION TO APPROVE SETTLEMENT BETWEEN CHAPTER 7 TRUSTEE, DEBTOR, JOHN SEXTON, DAVID KELLY, AND MARTIN LOPEZ III, P.C.

This matter came before the Court upon Yvette J. Gonzales, the Chapter 7 Trustee's (the "**Trustee's**") *Chapter 7 Trustee's Motion to Approve Settlement Between Chapter 7 Trustee, Debtor, John Sexton, David Kelley, and Martin Lopez III, P.C.*, filed May 3, 2019 (Doc. No. 123) (the "**Motion**"). The Court, having been sufficiently advised on the premises, hereby FINDS:

       A.         On March 3, 2017 (the "**Petition Date**"), Kathryn Ramona Esquibel ("**Esquibel**") commenced the above-captioned bankruptcy case (the "**Bankruptcy Case**") by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code. The Trustee was appointed as the chapter 7 trustee for this case;

B.  As is described in greater detail in the Motion, on May 30, 2017, the Trustee filed a *Complaint* against John Sexton ("**Sexton**"), initiating adversary proceeding number 17-01042-j styled *Yvette J. Gonzales, Chapter 7 Trustee of the Bankruptcy Estate of Kathryn Ramona Esquibel v. John Sexton* (the "**Fraudulent Transfer Adversary Proceeding**"). In the Fraudulent Transfer Adversary Proceeding, the Trustee sought to avoid, preserve, and recover the value of real property located at 260 S. 6th Street, Santa Rosa, NM 88435 (the "**Property**"). The Property was transferred prior to the Petition Date by Esquibel to Sexton, her brother. During the litigation, Sexton transferred the Property to David Kelly ("**Kelly**"), and Kelly sought and received Court permission to intervene as a defendant;

C.  On June 2, 2017, Martin Lopez III, P.C. ("**Lopez**") and Merrie Chappell filed an *Objection to Discharge* against Esquibel, initiating adversary proceeding number 17-01045 styled *Martin Lopez and Merrie Chappell v. Kathryn R. Esquibel* (the "**Discharge Adversary Proceeding**"). Plaintiff Merrie Chappell was dismissed from the Discharge Adversary Proceeding, leaving Lopez as the sole plaintiff. *See Stipulated Order Dismissing Merrie Chappell as Party Plaintiff* (Doc. No. 24 in the Discharge Adversary Proceeding). In the Discharge Adversary Proceeding, Lopez sought to deny Esquibel's discharge in the Bankruptcy Case under certain subsections of 11 U.S.C. § 727(a);

D.  On July 10, 2017, Lopez filed Claim No. 8 in the Bankruptcy Case in the amount of $24,065.54. On April 23, 2018, Kelly objected to Claim No. 8 by filing the *Notice of and Objection to the Creditor Claim of Martin Lopez III and Request for Hearing* (Doc. No. 33 in the Bankruptcy Case) (the "**Claim Objection**");

E. In the Motion, the Trustee, requested Court permission to approve the settlement among Trustee, Esquibel, Sexton, Kelly and Lopez (collectively, the "**Parties**"). Pursuant to the settlement agreement the parties agreed as follows:

1. Within fifteen (15) days of Court approval of the settlement agreement, Kelly shall execute and deliver to the Trustee a quitclaim deed for the Property;

2. Within seven (7) days of Kelly's delivery of the quitclaim deed to the Trustee, the Trustee will dismiss the Fraudulent Transfer Adversary Proceeding with prejudice;

3. Kelly shall have a one (1) year exclusive right to purchase the Property from the Trustee for the lesser of (i) 75% of the Appraised Value (as defined on page 3 of the Settlement Agreement as defined below) of the Property, or (ii) $85,000.00, payable in cash at closing;

4. Kelly has the exclusive right to rent the Property from the Trustee at a rate of $500.00 per month during the same one year period he has to purchase the Property and shall be responsible for all maintenance, utilities, and taxes related to the Property during his occupancy; and

5. In the event Kelly does not close on the purchase of the Property during his one year exclusive right to purchase the Property from the Trustee, there will be a Court order requiring Kelly and Esquibel to vacate the Property, and Kelly and Esquibel agree to vacate the Property on or before the expiration of the one year exclusivity period;

6. Kelly agrees to withdraw with prejudice his Claim Objection. Sexton and Esquibel each agree not to file any further objections to Lopez's claim;

7. Kelly agrees to withdraw the claims he has purchased and/or was transferred in the Bankruptcy Case, which are Claim Nos. 5, 6, and 7;

8. The Parties agree that Kelly and/or Esquibel reserve their right to pay any unpaid amounts to holders of allowed claims in the Bankruptcy Case should the Trustee's distribution not pay all claims in full. In the event Kelly and/or Esquibel fail and/or refuse to pay the unpaid amounts to holders of allowed claims in the Bankruptcy Case, Esquibel agrees to waive entry of her discharge; and

9. Esquibel agrees that if the Trustee's distribution from the bankruptcy estate does not fully satisfy Lopez's claim in the amount of $24,065.54, she agrees to pay the difference between the face amount of the claim of $24,065.54 and the distribution received by Lopez from the bankruptcy estate. Upon receipt of payment of Lopez's entire claim, Lopez agrees to dismiss the Discharge Adversary Proceeding; and

10. The Trustee and Lopez on the one hand and Kelly, Sexton and Esquibel on the other enter into a mutual release of claims against the other;

F. On May 29, 2019, the Trustee filed a *Notice of Errata*, pursuant to which the formal settlement agreement (the "**Settlement Agreement**") was attached as Exhibit A (Doc. No. 125);

G. On May 3, 2019, the Trustee served notice of filing the Motion (the "**Notice**"), pursuant to Bankruptcy Rules 9019 and 2002, to all creditors and other parties in interest as shown on the mailing matrix maintained by the Court, specifying an objection period of twenty-one (21) days from the date of mailing, plus (3) days based upon service by mail, for a total of twenty-four (24) days;

H. On May 3, 2019, the Trustee filed the Notice with the Court (Doc. No. 124);

I. The Notice was appropriate in the particular circumstances;

J. The objection deadline, including three days added under Bankruptcy Rule 9006(f), expired on or before May 28, 2019;

K.  No objections to the Motion were filed, timely or otherwise;

L.  The Motion is well taken and should be granted as provided herein; and

M.  The Settlement Agreement is fair and equitable, and is in the best interest of and beneficial to the Debtor's estate and creditors and should be approved.

IT IS HEREBY ORDERED as follows:

1.  The Motion is granted.

2.  The Settlement Agreement is approved.

3.  Within fifteen (15) days of entry of this Order, Kelly shall execute and deliver to the Trustee a quitclaim deed for the Property.

4.  Within seven (7) days of Kelly's delivery of the quitclaim deed to the Trustee, the Trustee shall dismiss the Fraudulent Transfer Adversary Proceeding with prejudice.

5.  The Claim Objection is hereby deemed withdrawn with prejudice.

6.  Claim Nos. 5, 6 and 7 are hereby deemed withdrawn.

####END OF ORDER####

Submitted by:

ASKEW & MAZEL, LLC

By: *s/ submitted electronically*
    Edward A. Mazel
    Jacqueline N. Ortiz
    1122 Central Ave. SW, Suite 1
    Albuquerque, NM 87102
    (505) 433.3097 (phone)
    (505) 717.1494 (fax)
    edmazel@askewmazelfirm.com
    jortiz@askewmazelfirm.com
*Attorneys for Chapter 7 Trustee*

Copies to:

John Sexton
3502 33rd Circle
Rio Rancho, NM 87124

David Kelly
260 S. 6th St.
Santa Rosa, NM 88435